### S. BARTO McKINNEY

*vs.*

### SCHOOL DISTRICT No. 45, DAKOTA Co.

A duly qualified teacher contracted in writing on the 9th of May, 1871, to teach the defendant's school for three months from and after April 18th, 1871, at $42 a month, and thereupon taught from said 9th of May till the expiration of three months from said 18th day of April. *Held,* that he could recover for said tuition at said stipulated rate.

This is an appeal by defendant from a judgment of the

district court for Dakota county.   The case is fully stated in the opinion.

SMITH & VAN SLYCK, for Appellant.

WILLIAM HODGSON, for Respondent.

*By the Court.*—RIPLEY, CH. J.—By the decision of the district court in this case, plaintiff will be paid at the rate of $42 per month for the time he taught the defendant's school *after* he had obtained his certificate, receiving nothing, however, for the three weeks' teaching previously performed. We discover no ground of objection to the payment by the defendant for these services thus performed by a duly qualified teacher.

The parties agree that plaintiff taught for three weeks without a certificate, under a verbal contract to teach three months at $42 a month, and afterwards, *i. e.*, as we understand it, upon obtaining such certificate made a written contract with the defendant of the like tenor and effect as the verbal contract, and that all the teaching, except said three weeks, was done under said written contract.

This, we think, is the fair construction of the stipulation, and the parties in their brief have so construed it respectively.

The plaintiff, then, on obtaining his certificate, made a written contract with defendant to teach for three month from and after April 18th, 1871, at $42 a month.  He certainly had a right to make a binding contract to teach *in the future.*  To agree to teach *in the past*, was to agree to that which was impossible.   But it does not follow, because it is impossible on the 9th of May, 1871, to fulfill an agreement to teach for three months from and after April 18th, 1871, that if the parties enter into such an agreement on said 9th of May, and

plaintiff thereupon teaches till the expiration of three months from April 18th under and in pursuance of the written contract, he is not entitled to be paid for said period at the rate stipulated.

The contract is one he *cannot* perform according to its terms, but if the defendant sees fit to permit him to perform it on his part, so far as it can, in the nature of things, be performed by him, we can conceive of no reason why defendant should not pay for such performance at the stipulated rate.

Judgment affirmed.